UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  8:09-cr-536-T-23TGW
                                                          8:14-cv-1518-T-23TGW
EMAUNEL D. DIXON
_____/

## O R D E R

Dixon moves to vacate under 28 U.S.C. § 2255 (Doc. 1), as amended (Doc. 3),

and challenges the validity of his conviction for distribution of cocaine base within

1000 feet of a playground, for which Dixon is imprisoned for 151 months.[1]

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary

review of the motion to vacate and a summary dismissal "[i]f it plainly appears from

the face of the motion, any attached exhibits, and the record of prior proceedings that

the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

---

[1] Originally Dixon was sentenced to 188 months, but the sentence was reduced to 151 months under Rule 35, Federal Rules of Criminal Procedure. (Doc. 42 in 09-cr-536)

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").  Dixon's motion is barred.

Dixon's earlier challenge to this same conviction was denied in 8:11-cv-2037-T-23TBM.  (Doc. 9)  Dixon is precluded from pursuing a second or successive motion without permission from the Eleventh Circuit Court of Appeals.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).  The earlier denial of his motion to vacate precludes Dixon from again challenging either his conviction or his sentence.  *Felker*, 518 U.S. at 664 ("The new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").

This new action is, therefore, a second or successive action that is subject to specific restrictions.  Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme court, that was previously
unavailable.

Dixon asserts entitlement to the retroactive application of *Donawa v. United States*,

735 F.3d 1275 (11th Cir. 2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Dixon cannot proceed with a second or successive motion to vacate based on

*Donawa*, which is a circuit court decision, because Section 2255(h)(2) requires both

the establishment of a new rule of constitutional law by the Supreme Court and the

retroactive application of that new rule by the Supreme Court.  Based on *Descamps*,

Dixon must obtain permission from the circuit court to pursue a second or successive

motion to vacate.  Dixon fails to establish that he possesses the necessary

authorization from the circuit court.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1), as

amended (Doc. 3), is **DISMISSED**.  The clerk must close this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Dixon is not entitled to a certificate of appealability ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a certificate of

appealability, Dixon must show that reasonable jurists would find debatable both (1)

- 3 -

the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the motion to vacate is clearly second or successive, Dixon is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Dixon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 3, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE